IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELIZABETH ROSS,

    *Plaintiff,*

v.

                                  Case No. 23-2537-EFM

TERRACON CONSULTANTS, INC.,

    *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Defendant Terracon Consultants, Inc.'s Motion for Summary Judgment (Doc. 40) on Plaintiff Elizabeth Ross's disability discrimination, Family Medical Leave Act ("FMLA") retaliation, and interference claims. Terracon asserts that Plaintiff is not a qualified individual under the Americans with Disabilities Act Amendments Act ("ADAAA") and is not an eligible employee under the FMLA. Plaintiff opposes the motion, asserting there are genuine disputes of material fact that a jury must resolve. For the reasons stated herein, the Court grants Terracon's motion.

        **I.**        **Factual and Procedural Background**[1]

Plaintiff applied for an "Administrative Staff I" position with Terracon on February 10, 2020, specifically for the role of Dispatcher within the Lenexa office. She interviewed twice for the position. During the interview process, Plaintiff was told that the Dispatcher job was a full-time position, and that at times it would require working more than 40 hours per week. There was

---

[1] The facts section is comprised of facts to which the parties have stipulated or are not controverted.

also an expectation articulated during the interview process that Plaintiff would need to be available to take calls from team members outside of normal 8:00 a.m. to 5:00 p.m. business hours.

Plaintiff began working full-time as a Dispatcher in Terracon's Lenexa office on May 26, 2020. Plaintiff's duties included answering phone calls, making schedules, dispatching jobs, and scheduling employees. She spent 95 percent of her workday doing these duties. Plaintiff often worked overtime, especially in the summer and fall, which is Terracon's busier season. Plaintiff was the only Dispatcher in Terracon's Lenexa office.

When Plaintiff was hired in May 2020, the country was in the middle of the COVID-19 pandemic. Like many employers at the time, Terracon equipped its employees, including Plaintiff, to work remotely. In early 2021, Terracon began bringing employees who worked remotely back into the office. From May 2020 until September 2021 Plaintiff was allowed to work remotely whenever she wanted.

On September 19, 2021, Plaintiff tested positive for COVID-19 and was hospitalized from September 23 until November 22, 2021. Plaintiff was approved to take FMLA leave backdated from September 15, 2021, through December 7, 2021. After she exhausted her FMLA leave, Plaintiff was approved for long term disability benefits through March 31, 2022. During Plaintiff's absence, Terracon did not hire a new Dispatcher but rather implemented an "all-hands-on-deck" strategy to cover Plaintiff's duties.

On March 23, 2022, Plaintiff was medically cleared to work full-time without any specific restrictions or limitations beginning April 1, 2022. Plaintiff returned to work as a Dispatcher in Terracon's Lenexa office on April 1, 2022. When she returned, she had no restrictions and worked in a full-time capacity.

Plaintiff worked in a full-time capacity until she submitted a doctor's note to Terracon requesting that she work no more than 30 hours per week due to her post-COVID fatigue, anxiety, brain fog, and difficulty concentrating. Also on August 10, 2022, Plaintiff made a claim requesting additional medical leave and disability benefits. On August 15, 2022, Plaintiff was informed that she did not qualify for FMLA leave because she had not worked the required hours to be eligible. Plaintiff had worked 1,087.20 hours in the last twelve months which was short of the 1,250 hours to be eligible for FMLA leave. However, Plaintiff was informed that she did qualify for leave under Terracon's medical leave program.

Terracon allowed Plaintiff to work a reduced schedule for four weeks following her request to work no more than 30 hours per week. Terracon accommodated Plaintiff's reduced schedule by requiring other employees to cover Plaintiff's duties. One of Plaintiff's supervisors testified that the Dispatcher role cannot be performed for Terracon's clients or team members by a single person working only 30 hours per week.

On August 23, 2022, Plaintiff's doctor signed a form stating that Plaintiff would benefit from a part-time work schedule and, given her severe anxiety, might also benefit from a work-from-home setup. At the time of the parties' filings, this 30-hour per week work restriction had not been rescinded.

Terracon discharged Plaintiff from employment on September 12, 2022. In an email discussing Terracon's intent to terminate Plaintiff's employment, dated September 12, 2022, the first listed reason for termination is "having multiple personnel cover [the Dispatcher position] is leading to strain on the team and our clients and we need a full-time person available for those duties." And in a meeting with Plaintiff informing her of her termination, it was communicated

that "her employment was being terminated because her accommodations weren't working for the company" and "there wasn't much else to discuss."

Plaintiff filed the present suit on December 5, 2023. She has two remaining counts. In Count I, Plaintiff alleges that Terracon violated the ADAAA by discriminating against her based upon her disability. Specifically, she alleges that Terracon terminated her employment after she requested accommodations that included not working more than 30 hours per week and working from home as needed. In Count III, Plaintiff alleges that Terracon violated the FMLA by interfering with or retaliating against Plaintiff for engaging in protected activity. Specifically, she alleges that Terracon terminated her employment shortly after she applied for medical leave and when she was just 113 hours short of being eligible for FMLA leave. Terracon filed a Motion for Summary Judgment on January 13, 2025. A timely response and reply were filed. The matters are fully briefed and ripe for the Court's ruling.

## II.     Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[2] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[3] The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[4] The nonmovant must then bring forth specific facts showing a genuine issue for trial.[5] These facts

---

[2] Fed. R. Civ. P. 56(a).

[3] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006) (citing *Bennett v. Quark, Inc.*, 258 F.3d 1220, 1224 (10th Cir. 2001)).

[4] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[5] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (citation omitted).

must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[6] The court views all evidence and reasonable inferences in the light most favorable to the non-moving party.[7]

### III. Analysis

**A.     Plaintiff's Disability Discrimination Claim**

Terracon moves for summary judgment asserting that Plaintiff is not a qualified individual under the ADAAA, that Plaintiff cannot establish a causal link between her disability and her termination or show that Terracon's reasons for discharge were pretextual, and that her requested accommodation was not reasonable. Plaintiff responds that she is qualified, that she has presented direct evidence of discrimination, and that Terracon's reasons for termination were merely pretextual. The Court will first address whether Plaintiff is a qualified individual under the ADAAA.

The ADAAA prohibits employers from discriminating "against a qualified individual on the basis of disability."[8] Under the ADAAA, to establish a prima facie case of discrimination, a plaintiff must show that (1) she is disabled as defined under the ADAAA; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) she was discriminated against because of her disability.[9]

Terracon challenges whether Plaintiff is a "qualified individual." This is a challenge to the second element of Plaintiff's prima facie case. Determining whether Plaintiff is a "qualified

---

[6] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998)).

[7] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (citation omitted).

[8] 42 U.S.C. § 12112(a).

[9] *Adair v. City of Muskogee*, 823 F.3d 1297, 1304 (10th Cir. 2016).

individual" is a two-part test: (1) whether Plaintiff could perform the essential functions of her job without accommodation; and (2) whether any reasonable accommodation by Terracon would enable Plaintiff to perform such functions.[10] "Essential functions" include "the fundamental job duties of the employment position the individual with a disability holds or desires."[11] In challenging whether Plaintiff is qualified, Terracon bears the burden of demonstrating that a job function is essential; whereas Plaintiff bears the burden of demonstrating that she is able, with or without a reasonable accommodation, to perform the essential functions of her job.[12]

   *1. An essential function of Terracon's Dispatcher job is its full-time nature.*

Terracon asserts that an essential function of Plaintiff's position as a Dispatcher in the Lenexa office is regular and reliable attendance as a full-time employee. Relevant reasons to consider a job function "essential" include: "the reason the position exists is to perform that function" and the "limited number of employees available among whom the performance of that job function can be distributed."[13] Evidence of whether a function is essential includes: the employer's judgment, written job descriptions prepared before interviewing an applicant, amount of time spent on the job performing the function, consequence of non-performance, and past and current work experience.[14] The Court is to "weigh heavily the employer's judgment regarding

---

[10] *Mason v. Avaya Commc'ns, Inc.*, 357 F.3d 1114, 1118 (10th Cir. 2004).

[11] 29 C.F.R. § 1630.2(n).

[12] *Unrein v. PHC-Fort Morgan, Inc.*, 993 F.3d 873, 877 (10th Cir. 2021).

[13] 29 C.F.R. § 1630.2(n)(2).

[14] 29 C.F.R. § 1630.2(n)(3).

whether a job function is essential."[15] And "this analysis is not intended to second guess the employer or to require him to lower company standards."[16]

The following undisputed facts demonstrate that an essential function of the Dispatcher role was its full-time nature. During the interview process, Plaintiff was told that the Dispatcher position was a full-time position, that the position could require working more than 40 hours per week, and that there was an expectation that Plaintiff would be available outside normal business hours to take calls from team members. Plaintiff began working for Terracon in a full-time capacity in May 2020 and spent 95 percent of her workday performing duties like answering phone calls, making schedules, dispatching jobs, and scheduling employees. She often worked overtime. The employees who have held the Dispatcher role in Terracon's Lenexa office have historically worked on a full-time basis.[17]

Before Plaintiff contracted COVID-19, Terracon did not employ any other individuals within the Lenexa office who performed Dispatcher duties. Plaintiff was the Lenexa office's only Dispatcher. The role cannot be completed by one person who only works 30 hours per week. Terracon's first listed reason for terminating Plaintiff's employment was "having multiple personnel cover [Plaintiff's Dispatcher position] is leading to strain on the team and our clients and we need a full-time person available for those duties." These uncontroverted facts demonstrate that one reason the Dispatcher job exists is to have a full-time employee responding to calls,

---

[15] *Hawkins v. Schwan's Home Serv., Inc.*, 778 F.3d 877, 889 (10th Cir. 2015) (citation omitted).

[16] *Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1262 (10th Cir. 2009).

[17] Plaintiff disputes the numbered statement of fact in which this proposition is contained. The entire numbered statement of fact states: "Since 2015, the employees who have held the Dispatcher role in Terracon's Lenexa office have historically worked in-office on a full-time basis, with the exception of the early stages of the COVID-19 pandemic." Plaintiff's denial is limited to the "in-office" aspect of this assertion; she does not contest that, historically, the Dispatcher position has been full-time.

dispatching jobs, and scheduling employees. Further, these uncontroverted facts demonstrate that only one employee is available to perform this function.

Plaintiff responds by highlighting that Terracon operated without a full-time, dedicated Dispatcher for more than eight months during Plaintiff's bout with and recovery from COVID-19. Plaintiff asserts that this eight-month period in which Terracon operated without a full-time Dispatcher negates Terracon's claim that "regular and reliable attendance as a full-time employee" is an essential function of the Dispatcher job. Indeed, after she contracted COVID-19, she did not return to work for more than six months. During this time, Terracon did not hire a new employee to fill Plaintiff's absence. Instead, Terracon implemented an "all-hands-on-deck" approach, relying on a number of people to cover Plaintiff's duties. And in August 2022, four months after she had returned to work, Plaintiff was granted an accommodation to work no more than 30 hours per week. To make this accommodation work, Terracon adopted a workshare arrangement to cover Plaintiff's duties. But it is undisputed that Plaintiff worked full-time until she contracted COVID-19 in September 2021. And when she did return from her extended leave in April 2022, she worked for four months in a full-time capacity until her accommodation was granted.

Terracon's efforts to temporarily cover Plaintiff's duties do not contradict its position that an essential function of the Dispatcher role requires regular, reliable attendance as a full-time employee. To accept Plaintiff's argument that Terracon's gap-filling measures demonstrate that the Dispatcher role is not full time would be to penalize Terracon for its compliance with the FMLA and for its acts of grace in excess of those requirements. Terracon's "generosity and overall flexibility does not raise the legal standard."[18] As such, the Court finds that Terracon has met its

---

[18] *Perdue v. Sanofi-Aventis U.S., LLC*, 999 F.3d 954, 961 (4th Cir. 2021). *See also Vande Zande v. Wis. Dep't of Admin.*, 44 F.3d 538, 545 (7th Cir. 1995) (An employer that "bends over backwards to accommodate a disabled worker . . . must not be punished for its generosity by being deemed to have conceded the reasonableness of so far-

burden in demonstrating through uncontroverted facts that an essential function of the Dispatcher role is the regular and reliable attendance as a full-time employee.

        *2.     Plaintiff is unable to perform the essential functions of the Dispatcher role.*

Plaintiff does not meet her burden of demonstrating that she is able to perform the essential functions of the Dispatcher role with or without a reasonable accommodation. In her response, Plaintiff directs the Court to her request to work from home as an accommodation. Although there may be some factual dispute as to whether Plaintiff can perform the essential functions of her job in a remote capacity, this dispute is immaterial. As discussed above, there is no genuine dispute that the Dispatcher role requires a full-time employee. Further, it is uncontroverted that Plaintiff's 30-hour per week work restriction remained in effect at the time of the parties' filings. And Plaintiff makes no effort to demonstrate her ability to meet the full-time function of the Dispatcher role without an accommodation. Rather, she asserts that Terracon can function with her working as a part-time Dispatcher.

Working 30 hours per week as a Dispatcher in Terracon's Lenexa office is not a reasonable accommodation. An employee who proposes part-time work as an accommodation may only prevail in an ADA action if she can demonstrate that she could perform the essential functions of her job while working part-time.[19] Plaintiff's assertions related to Terracon's gap-filling measures do not help her shoulder her burden of demonstrating that *she* is able to perform the essential functions of the job. Rather, the "all-hands-on-deck" approach and Terracon's workshare arrangement demonstrate that Plaintiff's duties were assigned to others while she was unavailable

---

reaching an accommodation."); *Myers v. Hose*, 50 F.3d 278, 284 (4th Cir. 1995) ("Discouraging discretionary accommodations would undermine Congress' stated purpose of eradicating discrimination against disabled persons.").

    [19] *Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1146 (10th Cir. 2011) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 336 n.5 (2d Cir. 2000).

or working part-time. "The courts of appeals have consistently held that employers are not required to assign existing employees or hire new employees to perform certain functions or duties of a disabled employee's job which the employee cannot perform by virtue of his or her disability."[20] And "[a]n employer is not required by the ADA to reallocate job duties in order to change the essential function of a job. An accommodation that would result in other employees having to work[] harder or longer hours is not required."[21]

Further, Plaintiff's request for a 30-hour work week functionally transforms the Dispatcher role into a part-time position. Plaintiff cannot require Terracon to create a part-time position in place of a full-time position. "Whether a company will staff itself with part-time workers, full-time workers, or a mix of both is a core management policy with which the ADA was not intended to interfere."[22] As such, the Court finds Plaintiff's accommodation request to work part-time when an essential function of the Dispatcher role is its full-time nature is unreasonable as a matter of law.[23]

In sum, the Court finds that Terracon has demonstrated that an essential function of the Dispatcher job is its full-time nature. Moreover, Plaintiff has made no effort to demonstrate that *she* can fulfill the essential function of the Dispatcher role without an accommodation. Finally, Plaintiff's request to work only 30 hours per week is not a reasonable accommodation because she cannot perform the essential function of being a full-time employee as a part-time employee. As such, Plaintiff is not a "qualified individual" under the ADAAA. Because she is not a qualified

---

[20] *Jewell v. Blue Valley Unified Sch. Dist. No. 229*, 210 F. Supp. 2d 1241, 1251 (D. Kan. 2002).

[21] *Milton v. Scrivner, Inc.*, 53 F.3d 1118, 1124–25 (10th Cir. 1995).

[22] *Terrell v. USAir*, 132 F.3d 621, 626–27 (11th Cir. 1998).

[23] *Mason.*, 357 F.3d at 1124 (holding an accommodation request "unreasonable on its face because it seeks to eliminate an essential function of the [position].").

individual, she cannot meet the second prong of the prima facie showing of a discrimination claim under the ADAAA. Because the Court finds that Plaintiff does not make a prima facie showing of disability discrimination, the Court need not address the parties' remaining arguments on this claim. Further, because the Court finds that Plaintiff's accommodation request to work part time is unreasonable as a matter of law, Plaintiff's failure-to-accommodate claim under the ADAAA fails. Accordingly, Terracon is entitled to summary judgment on Plaintiff's disability discrimination and her failure-to-accommodate claims.

**B.    Plaintiff's FMLA Claim**

Terracon moves for summary judgment on Plaintiff's FMLA claims, asserting that she is not an eligible employee. The FMLA prohibits an employer from interfering with, restraining, or denying the exercise or attempted exercise of any right under the FMLA.[24] An employee is "eligible" if she has "been employed for at least 12 months by an employer covered under the statute, and has worked at least 1,250 hours for the employer during the previous 12-month period."[25]

Here, it is undisputed that at the time Plaintiff submitted her FMLA leave request, she had worked 1087.20 hours in the previous 12 months. Thus, it is uncontroverted that Plaintiff had not worked the requisite number of hours to be an eligible employee under the FMLA. Accordingly, the Court grants summary judgment on Plaintiff's FMLA claims of interference and retaliation.[26]

---

[24] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 877 (10th Cir. 2004).

[25] *DeFreitas v. Horizon Inv. Mgmt. Corp.*, 577 F.3d 1151, 1159 (10th Cir. 2009) (citing 29 U.S.C. § 2611(2)).

[26] *Wilkins v. Packerware Corp.*, 260 F. App'x 98, 103 (10th Cir. 2008) ("Our precedent may also be read to prefigure the conclusion that the lawful taking of FMLA leave is a prerequisite to a retaliation claim."); *Kinchion v. Cessna Aircraft Co.*, 504 F. Supp. 2d 1137, 1145 (D. Kan. 2007) (interference claim dismissed because plaintiff was not an eligible employee since he reported only 532 hours of service in the past twelve months); *Wells v. Wal-Mart Stores, Inc.*, 219 F. Supp. 2d 1197, 1208 (D. Kan. 2002) (summary judgment granted on interference claim where plaintiff did not prove he was an eligible employee because he only worked 993.04 hours in the prior twelve months); *Riis v. Goodyear Tire & Rubber Co.*, 2011 WL 3608682, at *3 (D. Kan. Aug. 12, 2011) (granting summary judgment

**IT IS THEREFORE ORDERED** that Terracon's Motion for Summary Judgment (Doc. 40) is **GRANTED**.

**IT IS SO ORDERED**.

This case is closed.

Dated this 18th day of August, 2025.

                                                                        ERIC F. MELGREN
                                                                        CHIEF UNITED STATES DISTRICT JUDGE

---

to defendants on plaintiff's FMLA claims of retaliation and interference where the uncontroverted facts demonstrated that plaintiff had only worked between 700 and 800 hours in the relevant 12 month period).